Filed 9/25/24  P. v. Cull CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083181 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD134191) |
| DARYL CULL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed.

Daryl Cull, in pro. per., and Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Daryl Cull appeals an order denying his petition to vacate his attempted murder conviction and for resentencing under Penal Code

section 1172.6.[1]  His appointed appellate counsel filed an opening brief requesting review under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  After we issued a *Delgadillo* order notifying Cull of his right to file a supplemental brief, he did so.  We conclude Cull failed to identify any arguably meritorious issues for appeal and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1999, a jury convicted Cull of premeditated attempted murder (§§ 664/187, 189), torture (§ 206), assault with a semi-automatic firearm (§ 245, subd. (b)), battery with serious bodily injury (§ 243, subd. (d)), and assault with a deadly weapon or force likely to cause great bodily injury (§ 245, former subd. (a)(1), amended by Stats. 2011, ch. 183, § 1).  The jury also found true various allegations related to the attempted murder charge, including that Cull personally discharged a firearm causing great bodily injury (§ 12022.53, subds. (b)-(d)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).  The court sentenced Cull to an indeterminate life term for attempted murder, a consecutive term of 25 years to life for the firearms allegation under section 12022.53, subdivision (d), and an additional determinate term of six years for assault with a deadly weapon and the related great bodily injury allegation pursuant to section 12022.7, subdivision (a).  In 2000, we affirmed the judgment in an unpublished opinion.  (*People v. Cull* (Oct. 4, 2000, D033783).)

In January 2023, Cull petitioned to vacate his conviction pursuant to section 1172.6.  The court appointed counsel and received further briefing

---

[1]    Cull brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as Penal Code section 1172.6 without substantive change on June 30, 2022.  (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).)  We refer to the statute by its current number throughout this opinion.  All further statutory references are to the Penal Code.

2

from the parties. The People argued Cull was ineligible for relief as a matter of law because he was not convicted under any legal theory that was affected by the legislative amendments to the Penal Code limiting the scope of murder liability. According to the People, the jury instructions from Cull's trial demonstrate he was convicted as the actual perpetrator, rather than under a felony murder theory of liability or the natural and probable consequences doctrine. In support of their position, the People submitted various exhibits, including the jury instructions and verdict form from Cull's trial.

The jury instruction that listed the elements of attempted murder, CALJIC 8.66, required the prosecution to prove Cull took a direct but ineffectual act towards killing another person and that he harbored malice aforethought when did so. Malice aforethought was defined as the specific intent to unlawfully kill another human being. The court also instructed the jury with CALJIC 8.67, which required the jury to determine whether the attempted murder was done willfully, and with deliberation and premeditation. This instruction stated, in relevant part, that the jury was required to find the offense was "preceded and accompanied by a clear, deliberate, intent to kill, which was the result of deliberation and premeditation." The court did not give any instruction on the natural and probable consequences doctrine or aiding and abetting liability generally. The verdict form reflects the jury convicted Cull of attempted murder and found true he committed the offense willfully and with premeditation and deliberation.

In August 2023, the trial court conducted a hearing on Cull's section 1172.6 petition. The court found the instructions and verdict from Cull's jury trial demonstrated he was the actual perpetrator acting with the specific

3

intent to kill.  Accordingly, the court held Cull did not "qualify under the statute" and denied the petition.

This appealed followed.

DISCUSSION

In *Delgadillo*, our Supreme Court explained the procedures required in an appeal from the denial of a section 1172.6 petition where appellate counsel finds no arguable issues.  (*Delgadillo, supra*, 14 Cal.5th at pp. 231–232.)  In such a case, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter."  (*Ibid*.)  "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues."  (*Id*. at p. 232.)

Consistent with the procedure outlined in *Delgadillo, supra*, we provided Cull with the opportunity to submit a supplemental brief, which he did.  Cull contends he should be afforded relief because the felony murder resentencing process was extended to attempted murder by Senate Bill No. 775.  He also cites to other unrelated ameliorative legislation, including "Senate Bill 483" and "AB1310."  He claims this legislation requires him to be resentenced on the various firearm enhancements that were applied to his sentence.  As we shall discuss, Cull may not establish eligibility for relief under section 1172.6 based on legislation unrelated to this statute, and we

4

conclude the record demonstrates he is not entitled to relief as a matter of law.

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 also created a procedure that allows persons convicted under the former murder laws to petition for retroactive relief. (Stats. 2018, ch. 1015, § 4.) Thereafter, Senate Bill No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775) clarified the resentencing procedures in Senate Bill 1437 were applicable to persons convicted of attempted murder under the natural and probable consequences doctrine. (See § 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)

A petitioner initiates the resentencing process under section 1172.6 by filing a declaration averring he or she is eligible for relief because: (1) a charging document was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder, murder or attempted murder under the natural and probable consequences doctrine, or any theory under which malice is imputed based solely on the petitioner's participation in a crime; (2) the petitioner was convicted of murder, attempted murder, or manslaughter after a trial or accepted a plea offer at which the petitioner could have been so convicted; and (3) the petitioner could not presently be convicted of murder or attempted murder because of the changes to the Penal Code that were effectuated by Senate Bill 1437. (§ 1172.6, subds. (a)(1)-(3),

(b)(1).) For a petition satisfying these pleading requirements, the court must appoint counsel, permit briefing, and conduct an initial hearing to determine whether the petitioner has made a prima facie case for relief. (*Id.*, subds. (b)(3), (c).) If the petitioner has made such a showing, the court must issue an order to show cause. (*Id.*, subd. (c).)

The court may deny the petition at the prima facie stage if the record of conviction establishes that the petitioner is ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971 (*Lewis*).) The record of conviction includes the jury instructions and verdict forms from the petitioner's jury trial. (*People v. Harden* (2022) 81 Cal.App.5th 45, 50 [jury instructions and verdicts on which they were based supported denial of section 1172.6 petition].) However, the court may not engage in factfinding, weigh the evidence, or assess credibility, at this stage. (*Lewis,* pp. 971–972.) Rather, the court should only deny the petition if "the petition and record in the case establish conclusively that the defendant is ineligible for relief" as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

Here, among other evidence, the court reviewed the jury instructions and verdict form from Cull's trial in rendering its decision. The jury instructions relating to the premeditated attempted murder charge, CALJIC Nos. 8.66, 8.67, and 8.11, required the jury to find Cull harbored the specific intent to kill another human being when he committed the offense. The trial court did not instruct the jury on the natural and probable consequences doctrine or any other aiding and abetting theory of liability, and the record reflects Cull was the only defendant on trial. Accordingly, under the circumstances, the jury had to find Cull was the actual perpetrator acting with the intent to kill in order to convict him of premeditated attempted murder.

The resentencing process in section 1172.6 is not applicable to the actual perpetrator of attempted murder. (*People v. Patton* (2023) 89 Cal.App.5th 649, 657.) Rather, it applies "only to attempted murders based on the natural and probable consequences doctrine." (*Coley, supra,* 77 Cal.App.5th at p. 548; § 1172.6, subd. (a).) Accordingly, because Cull was convicted as the actual perpetrator, he was not convicted of attempted murder under any theory specified by section 1172.6 that would afford him relief. (See, e.g., *People v. Estrada* (2022) 77 Cal.App.5th 941, 946 [summary denial of section 1172.6 petition affirmed where the record demonstrated that the trial court did not instruct the jury on the natural and probable consequences doctrine].)

Cull's reliance on unrelated legislation does not compel a contrary result.[2] The resentencing procedure under section 1172.6 is only available in cases in which a person was convicted of murder, attempted murder, or manslaughter, under a currently invalid legal theory based on changes to the Penal Code made by Senate Bill 1437. Whether Cull is entitled to relief under other ameliorative statutes is outside the scope of his section 1172.6 petition, and the legislation to which he cites does not afford him relief.

In summary, we conclude the issues identified by Cull in his supplemental brief lack arguable merit. The record of conviction conclusively demonstrates he was not convicted of attempted murder under any theory of liability that would entitle him to relief under section 1172.6, and therefore

---

[2] As best we can discern, Cull relies on Senate Bill No. 483 (Stats. 2021, ch. 728, § 3), which retroactively invalidated prison prior enhancements imposed pursuant to section 667.5, subdivision (b). (See § 1172.75.) We are unable to find any relevant statutory authority related to Cull's citation to "AB 1310." Regardless, these claims do not fall within the scope of Cull's section 1172.6 petition.

the trial court correctly found Cull did not make a prima facie showing for relief.  (See *Lewis, supra*, 11 Cal.5th at pp. 970–972.)

DISPOSITION

The order denying Cull's section 1172.6 petition is affirmed.


IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.